Finn W. Dusenbery
LAW OFFICE OF FINN W. DUSENBERY
26 Broadway, 21st Fl
New York, NY 10004
Tel: (212) 583-0030
Fax: (646) 786-3250

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**            Index No.:
-----------------------------------------------------------x
**BRAHIM BUNJAKU,**

       **Plaintiff,**                                              **COMPLAINT**

     v.                                                           **DEMAND FOR JURY TRIAL**

**35-28 REALTY, LLC, 40-40 REALTY LLC,**
**CARR PROPERTIES CH1, INC. d/b/a**
**CARR PROPERTIES, and BEN ASAMOAH,**

       **Defendants.**
-----------------------------------------------------------x

     Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**PARTIES**

3.     All Defendants are hereinafter collectively referred to as "Defendants."

4.     Defendant 35-28 Realty, LLC ("35-28 Realty") is a New York corporation that operates and manages a building located at 35-28 99th St, Corona, NY 11368 ("35-28 building"). Upon information and belief, 35-28 Realty has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and an annual gross volume of sales in excess of $500,000.

5.     Defendant 40-40 Realty LLC ("40-40 Realty") is a New York corporation that owns, operates and manages a building located at 40-40 Elbertson St, Elmhurst, NY 11373 ("40-40 building"). Upon information and belief, 40-40 Realty has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and an annual gross volume of sales in excess of $500,000.

6.     Upon information and belief, Defendant Carr Properties CH1, Inc. d/b/a Carr Properties ("Carr Properties") is a New York corporation with its principal office at 2524 Seymour Ave, Bronx, NY 10469 that owns, operates and manages a building at 25-29 West Tremont Ave, Bronx, NY 10453.  Upon information and belief, Carr Properties has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and an annual gross volume of sales in excess of $500,000.

7.     Upon information and belief, at all relevant times, Defendants 35-28 Realty, 40-40 Realty, and Carr Properties ("Corporate Defendants") formed a single integrated enterprise or were joint employers within the meaning of the FLSA.

8. Upon information and belief, Corporate Defendants shared the same principal office, located at 2425 Seymour Ave, Bronx, NY 10469, and the same owner and supervisor, Defendant Ben Asamoah.

9. Corporate Defendants paid their employees, including Plaintiff, at their office at 2524 Seymour Ave, Bronx, NY 10469.

10. Corporate Defendants gave work assignments to their employees, including Plaintiff, at their office at 2524 Seymour Ave, Bronx, NY 10469.

11. Plaintiff and other employees of Corporate Defendants submitted forms detailing repairs to apartments of Defendants' tenants to Corporate Defendants' office at 2524 Seymour Ave, Bronx, NY 10469.

12. Further, in addition to Plaintiff, Corporate Defendants' other employees performed work at Defendants' 35-28 building and 40-40 building.

13. Upon information and belief, Defendant Ben Asamoah owns Corporate Defendants and exercises sufficient control of the companies' day to day operations to be considered Plaintiff's employer under the FLSA and New York law.

14. Specifically, Defendant Asamoah has the power to hire and fire Corporate Defendants' employees and control their conditions of employment.

15. For example, Defendant Asamoah hired Plaintiff in or around 2007.

16. Defendant Asamoah regularly directed Plaintiff's and other Corporate Defendants' employees' work out of the Corporate Defendants' office at 2425 Seymour Ave, Bronx, NY 10469, giving Plaintiff a list of repairs to do at Defendants' 35-28 building and 40-40 building on a weekly basis.

17. Defendant Asamoah has the power to set Corporate Defendants' employees' rates of pay. For example, Defendant Asamoah set Plaintiff's rate of pay.

18. Defendant Asamoah has the power to set Corporate Defendants' employees schedules. For example, Defendant Asamoah set Plaintiff's schedule.

19. Plaintiff Brahim Bunjaku ("Plaintiff") worked for Defendants from in or around 2007 to March 2016.

## FACTS

20. Defendants committed the acts alleged in this Complaint knowingly, intentionally and willfully.

21. Defendants knew that nonpayment of overtime, minimum wage, spread of hours, and failure to provide required notices violated federal and state laws.

22. From in or around 2007 to March 2016, Plaintiff worked for Defendants.

23. Plaintiff's duties included, but were not limited to: cleaning; collecting garbage; fixing plumbing, water leaks, lights, carbon monoxide alarms; working on boilers; doing construction work such as building walls; plastering; and responding to tenants' maintenance problems.

24. When he started, Plaintiff worked at Defendants' 35-28 building.

25. Throughout Plaintiff's employment, Defendants provided Plaintiff an apartment in their 35-28 building.

26. In or around 2014, Plaintiff began working at Defendant's 40-40 building, in addition to working at the 35-28 building.

27. Throughout his employment, Plaintiff's work hours were from 6 a.m. to 12 a.m. every day, seven days per week, and Plaintiff generally received two (2) hours of breaks per day.

28.     Throughout his employment, Plaintiff generally worked about sixteen (16) hours per day, about seven (7) days per week, for a total of about one hundred and twelve (112) hours per week.

29.     During Plaintiff's employment, Defendants generally paid Plaintiff about $342.56 per week for his work at Defendants' 35-28 building and about $320 per week for his work at Defendants' 40-40 building, but have paid Plaintiff as low as $200 per week for his work at Defendants' 40-40 building.

30.     Defendants paid Plaintiff once per week by check at Defendants' principal office at 2524 Seymour Ave, Bronx, NY 10469.  Defendant Asamoah gave Plaintiff his pay.

31.     Defendants did not pay Plaintiff the federal or state minimum wage for all hours worked.

32.     Defendants did not pay Plaintiff an overtime premium of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) per week.

33.     As set forth above, Plaintiff's workdays regularly lasted longer than 10 hours. However, Defendants did not pay Plaintiff New York's spread of hours premium when Plaintiff's workdays lasted more than 10 hours.

34.     Defendants never provided Plaintiff with the notices required by New York Labor Law § 195.

## FIRST CLAIM FOR RELIEF
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)**

35.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

36.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within

the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants have employed "employee[s]" including Plaintiff.

37. Throughout the relevant statute of limitations period, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

38. Plaintiff seeks damages in the amount of his unpaid minimum wage compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

39. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

40. Throughout the relevant statute of limitations period, Plaintiff regularly worked in excess of forty (40) hours per workweek.

41. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff an overtime premium of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiff has been and is entitled to overtime.

42. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) hours per workweek.

43. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)**

44. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

45. Throughout the relevant statute of limitations period, Defendants did not pay Plaintiff the New York minimum wage for all hours worked.

46. Defendants' failure to pay Plaintiff the New York minimum wage was willful.

47. Plaintiff seeks damages in the amount of his unpaid minimum wage compensation, liquidated damages as provided by the New York Labor Law for minimum wage violations, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs., tit. 12, §§ 142-2.2)**

48. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

49. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

50. Throughout the relevant statute of limitations period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times Plaintiff's regular rate for hours worked in excess of forty (40) hours per workweek.

51. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the New York Labor Law for overtime violations, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CLAIM FOR RELIEF**
**(New York Spread of Hours Provisions, N.Y. Lab. L. § 650 *et seq.*,**
**N.Y. Comp. Code R. & Regs. tit. 12, §§ 142-2.4)**

52. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

53. Throughout the relevant statute of limitations period, Plaintiff's workdays regularly lasted more than ten (10) hours.

54. Throughout the relevant statute of limitations period, Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate when Plaintiff's workday lasted more than ten (10) hours, as required by New York law.

55. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**SIXTH CLAIM FOR RELIEF**
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**

56. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

57. Defendants did not provide Plaintiff with the notices required by N.Y. Lab. Law § 195.

58. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees and costs as provided for by N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, to be paid by Defendants;

B. Liquidated damages and penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
      April 6, 2016

Respectfully submitted,

By: /s/ Finn W. Dusenbery_____
Finn W. Dusenbery
LAW OFFICE OF FINN W. DUSENBERY
26 Broadway, 21st Fl
New York, NY 10004
Tel: (212) 583-0030
Fax: (646) 786-3250

*Attorney for Plaintiff*

9

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to a jury trial.